# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SHEPARD A. HOFFMAN** | § |
| **3412 Dartmouth Avenue** | § |
| **Dallas, Texas 75205** | § |
| | § |
| **Plaintiff** | § |
| | § |
| **vs.** | § |
| | § |
| **THE PENINSULA COUNCIL, INC.,** | § |
| **12 Mall Way** | § |
| **Mashpee, MA 02649** | § |
| | § |
| <u>**Serve On:**</u> | § CASE NUMBER |
| **President:** | § |
| *Joseph Fisher* | § |
| *149 Walton Heath Way* | § |
| *Mashpee, MA 02649* | § |
| *(508) 539-8623* | § COMPLAINT |
| | § |
| <u>**And Serve On:**</u> | § **and** |
| **Director:** | § |
| *Michael Richardson* | § |
| *12 Mall Way* | § DEMAND FOR  JURY TRIAL |
| *Mashpee, MA 02649* | § |
| *(508) 539-0028* | § |
| | § |
| <u>*Or at:*</u> | § |
| *47 Slice Way* | § |
| *Mashpee, MA 02649* | § |
| | § |
| **AND** | § |
| | § |
| **JOSEPH FISHER, INDIVIDUALLY** | § |
| **And as PRESIDENT of the** | § |
| **PENINSULA COUNCIL** | § |
| *149 Walton Heath Way* | § |
| *Mashpee, MA 02649* | § |
| *(508) 539-8623* | § |
| | § |
| | § |
| | § |
| | § |
| | § |

**Serve On:** §
*Joseph Fisher* §
*149 Walton Heath Way* §
*Mashpee, MA 02649* §
*(508) 539-8623* §
§
**AND** §
§
**MICHAEL RICHARDSON,** §
**INDIVIDUALLY and as** §
**PENINSULA COUNCIL** §
**EXECUTIVE DIRECTOR** §
**12 Mall Way** §
**Mashpee, MA 02649** §
§
**Serve On:** §
*Michael Richardson* §
*12 Mall Way* §
*Mashpee, MA 02649* §
*(508) 539-0028* §
§
**Or at:** §
*47 Slice Way* §
*Mashpee, MA 02649* §
§
**AND** §
§
**FRANCES M. ("Frankie") DREW** §
**INDIVIDUALLY and As** §
**MANAGER - PENINSULA COUNCIL** §
**ARCHITECTURAL REVIEW COMMITTEE** §
**12 Mall Way** §
**Mashpee, MA 02649** §
§
**Serve On:** §
**Frances M. "Frankie" Drew** §
*12 Mall Way* §
*Mashpee, MA 02649* §
*(508) 539-0028* §
§
**Or at:** §
*61 Yardarm Drive* §
*Mashpee, MA 02649-3600* §
§
*AND* §
§

| | |
|---|---|
| **JOHN "Jack" J. FITZSIMMONS, Sr.** | § |
| **INDIVIDUALLY and As** | § |
| **MEMBER - PENINSULA COUNCIL** | § |
| **ARCHITECTURAL REVIEW COMMITTEE** | § |
| **112 Fells Pond Road** | § |
| **Mashpee, MA 02649** | § |
| | § |
| <u>Serve On:</u> | § |
| *John "Jack" J. Fitzsimmons, Sr.* | § |
| *112 Fells Pond Road* | § |
| *Mashpee, MA 02649* | § |
| *(508) 477-4262* | § |
| | § |
| *AND* | § |
| | § |
| **WILLIAM "Bill" GILLITT** | § |
| **INDIVIDUALLY and As** | § |
| **MEMBER - PENINSULA COUNCIL** | § |
| **ARCHITECTURAL REVIEW COMMITTEE** | § |
| **55 Grove Hill Park** | § |
| **Newton, MA 02460** | § |
| | § |
| <u>Serve On:</u> | § |
| *William "Bill" Gillitt* | § |
| *55 Grove Hill Park* | § |
| *Newton, MA 02460* | § |
| *(617) 332-9815* | § |
| | § |
| **AND** | § |
| | § |
| **CHILTON DEVELOPMENT COMPANY,** | § |
| **77 ACCORD PARK DRIVE** | § |
| **UNIT D7** | § |
| **NORWELL, MA 02061** | § |
| **(781) 878-1113** | § |
| | § |
| <u>Serve On:</u> | § |
| **Registered Agent:** | § |
| *Randy Bern* | § |
| *1165 Washington Street, #11* | § |
| *Hanover, MA 02339* | § |
| | § |
| **Defendants** | § |

## COMPLAINT FOR COMPENSATORY DAMAGES, EQUITABLE RELIEF, AND REQUEST FOR JURY TRIAL

### INTRODUCTION

1.      This is an action for compensatory damages and equitable relief brought by the Plaintiff Shepard A. Hoffman (Mr. Hoffman), who resides at 3412 Dartmouth Avenue, Dallas County, Texas 75205, against various Defendants, each and all residing in the Commonwealth of Massachusetts.

### JURISDICTION AND VENUE

2.      There is complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy exceeds $75,000.  Mr. Hoffman is a Texas citizen, having his principal residence and place of business in Texas.  All defendants are citizens and residents of Massachusetts.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

3.      The District of Massachusetts is both the place where the defendants reside, where the majority of the individuals with personal knowledge of facts relevant to this action reside, and where the real property events, acts, or omissions giving rise to this action are located and have occurred.  Venue is proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

4.      Mr. Hoffman is a resident and citizen of Dallas County, Texas and resides at 3412 Dartmouth Avenue, Dallas County, Texas, 75205.

5.      Defendant Peninsula Council, Inc. (PC) is a Massachusetts corporation with its principal place of business at 12 Mall Way, Mashpee,  Barnstable County, MA 02649 and with no registered agent for serviced of process according to the records of the Massachusetts Secretary of State.

6.    Defendant Chilton Development Company (Chilton) is a Massachusetts corporation with its principal place of business at 77 Accord Park Drive, Unit D7, Norwell, Plymouth County, MA 02061 and with Registered Agent Randy Bern, 1165 Washington Street, #11, Hanover, Plymouth County, MA 02339, according to the records of the Massachusetts Secretary of State.

7.    Defendant Frances "Frankie" Drew (Drew) is a citizen of the Commonwealth of Massachusetts with her principal place of business at the Peninsula Council, Inc., Architectural Review Committee, 12 Mall Way Mashpee, Barnstable County, MA 0264,  and her residence at 61 Yardarm Drive, Mashpee, Barnstable County, MA 02649-3600, and who, at times relevant to this lawsuit, has been and is the Manager of the Peninsula Council, Inc. Architectural Review Committee (ARC).

8.    Defendant John J. "Jack" Fitzsimmons, Sr. (Fitzsimmons) is a citizen of the Commonwealth of Massachusetts with his principal residence at 112 Fells Pond Road, Mashpee, Barnstable County, MA 02649 and who, at times relevant to this lawsuit, has been and is a member of the Peninsula Council, Inc. Architectural Review Committee.

9.    Defendant William "Bill" Gillitt (Gillitt) is a citizen of the Commonwealth of Massachusetts with his principal residence and/or place of business at 55 Grove Hill Park, Newton, Middlesex County, MA 02460 , and who, at times relevant to this lawsuit, has been and is a member of the Peninsula Council, Inc. Architectural Review Committee.

10.    Defendant Michael Richardson (Richardson) is a citizen of the Commonwealth of Massachusetts with his principal place of business at Peninsula Council, Inc., 12 Mall Way, Mashpee, Barnstable County, MA 02649 and with his residence at 47 Slice Way, Mashpee,

Barnstable County, MA 02649 and who, at times relevant to this lawsuit, has been and is the Executive Director of the Peninsula Council, Inc.

11.    Defendant Joseph Fisher (Fisher) is a citizen of the Commonwealth of Massachusetts with his principal residence at 149 Walton Heath Way, Mashpee, Barnstable County, MA 02649 and who, at times relevant to this lawsuit, has been and is the elected President of The Peninsula Council, Inc.

## **FACTS**

12.    Since approximately 1999, Mr. Hoffman has owned property at 46 Triton Way in the Village of Triton Sounds, in the community of New Seabury, in the Town of Mashpee, in Barnstable County, Massachusetts.

13.    The community of New Seabury is a planned residential development in the Town of Mashpee on Cape Cod and includes a number of villages with names like: Triton Sounds, Bright Coves, Fells Pond, Greensward, High Wood, Summer Sea, The Mews, Mews Condos and Promontory Point A&B, Seaside, The Bluff, Seaquarters, Great Flat Pond, Poppy Place, Sandalwood, and Stendahl.

14.    The basic concept of the community of New Seabury is that individual houses will be clustered in wooded surrounding with an emphasis on the preservation of the natural landscape form and vegetation.  The homeowners of New Seabury are bound by covenants and declarations developed to preserve and protect, among other things, the natural beauty, serenity, privacy, property values, and  architectural character of New Seabury.

15.    The Defendant Peninsula Council, Inc. (PC) is the homeowners association for property owners in the community of New Seabury and as such is the homeowners association

for all of the Villages of New Seabury, including the Village of Triton Sounds and all the other villages named above. The Peninsula Council bills each of the properties in the Village of Triton Sounds and all other villages included within the Peninsula Council for their fees annually. Fees are mandatory, as one of the conditions that run with plaintiff's and every New Seabury property owner's deed. Both by operation of various governing documents, described in more detail below, and by voluntary assumption, the PC is obligated to uphold and enforce the covenants and declarations developed to preserve and protect, among other things, the natural beauty, serenity, privacy, property values, and architectural character of New Seabury.

16. The expressly stated Mission of the Peninsula Council, upon which Mr. Hoffman relied, is to, among other things, provide for the preservation and enhancement of New Seabury's environmental setting and to promote the welfare of the homeowner's investment.

17. In 1999 Hoffman acquired title to the property known as 46 Triton Way. At the time of Hoffman's purchase, the title showed on its memoranda of encumbrances Document No. 92619, entitled "Declaration August 17, 1964, Triton Sounds of New Seabury," dated August 17, 1964 and registered on November 27, 1964, running in favor of Triton Sounds ("Declaration"). The Declaration, as registered in 1964, was made by Popponesset Corporation ("Declarant"), as declarant, and executed and acknowledged on its behalf. This Declarant in 1964 owned the properties which are the subject of this lawsuit and much other surrounding and nearby land with registered titles in the area of Mashpee now constituting the New Seabury development. The Declaration recites that Declarant was the owner of eight parcels of registered land, specified in the Declaration, and in it collectively referred to as "Triton Sounds of New Seabury." The Declaration was properly executed, acknowledged, and filed for registration, and as a matter of title was, upon the Declaration's registration in 1964, a valid encumbrance on the title of the

properties which are the subject of this lawsuit, in accordance with the provisions of the document.

18.     Among other things, the Declaration established an Architectural Review Committee (Article III). In its Article VI, the Declaration also provided various protections for property owners and imposed certain restrictions upon each building lot in the Village of Triton Sounds (including what is now lot 46 and lot 53 Triton Way), including restrictions which the Architectural Review Committee (ARC), created in Article III, was and is obligated to control and enforce.  The Declaration specifically imposed various requirements on all property owners, assigned the Architectural Review Committee the obligation and responsibility to make sure that all of the Declaration Article VI protections and restrictions were enforced, assigned the ARC the obligation to review and approve construction and improvements of and on all the  building lots in Triton Sounds, and also imposed specific explicit strict procedural and substantive requirements and obligations which the Architectural Review Committee had to comply with before any property owner could be given permission by the ARC to ignore the protections and restrictions of the Declaration or any of the community's governing documents.

19.     To the best of Mr. Hoffman's knowledge, the present ARC is technically established by the various New Seabury Villages' Declarations, and/or by the Master Declaration for New Seabury, and/or by a document known as the Universal Villages Declaration, and/or pursuant to a document known as the "Assignment and Assumption of Certain Rights and Duties Under Declaration, (believed to be) Document #205902".  The Peninsula Council has complete and total responsibility for, supervisory power over, control over, and unfettered authority to appoint and replace the members of the Architectural Review Committee at any time.

20.     At all times relevant to this law suit the ARC, made up of Defendants Drew, Fitzsimmons, and Gillitt, has been and is a part of the Peninsula Council, Inc.  The ARC works closely and in conjunction with the Officers, Directors, and Executive Director of the PC.  The Officers and Directors of the PC and the Executive Director of the PC provide oversight of and control over the conduct and decisions of the ARC.

21.     The Peninsula Council employs the ARC to fulfill the express, implied and voluntarily assumed promises made by and imposed on the Peninsula Council to property owners in New Seabury, including but not limited to Mr. Hoffman, in the governing documents for the Triton Sounds Village, which include the Declaration for Triton Sounds; the Universal Village Declaration; and the Architectural Review Committee Guidelines & Specifications.

22.     Respect for the natural environment, for the privacy which results from the preservation of New Seabury's natural environment and vegetation, and especially for the community's large old growth trees with diameters at the base in excess of 6 inches, is a principal hallmark of the New Seabury concept upon which Mr. Hoffman relied in making the decision to purchase property in New Seabury and build a summer home.  To implement and support this basic concept of respect for the natural environment, vegetation, and large old growth trees, the governing documents for all of New Seabury, including the ARC Guidelines and Specifications, require and promise that as much as possible of the natural ground cover and trees on any lot shall be preserved intact and specifically provides and promises that only those trees which are clearly an obstruction to the construction of a house, driveways, and decks will be considered by the ARC for approval to be removed.

23.     At all times relevant to this law suit, the ARC has had Guidelines & Specifications to which  all homeowners are required to adhere and which the PC promises all

New Seabury property owners that the ARC will enforce  with the goal and purpose, at least in part, of:

     i.      maintaining the protection of the natural environment and landscape; and

     ii.     maintaining an enjoyable and stress free lifestyle.

     [Page 2, ARC Specifications & Guidelines]

24.    Mr. Hoffman materially relied upon the promises of the PC to uphold and enforce the Declarations of the Village and the ARC Guidelines & Specifications in deciding to purchase 46 Triton Way as well as at all times thereafter.  Had the Declarations of the Village of Triton Sounds not existed and had the Guideline & Specifications of the ARC not existed, plaintiff would not have bought the property at 46 Triton Way and would not have spent the money he did to build a home at the property.

25.    The Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt promise persons who buy property in New Seabury that the PC and ARC will impartially and fairly uphold and enforce the ARC Guidelines & Specifications and Mr. Hoffman relied on these promises in making his decision to purchase the property at 46 Triton Way.  These Defendants promise New Seabury homeowners that each and every New Seabury property owner will be required by the PC to comply with the Committee Restrictions Article found in the duly registered Declarations of the various Villages of New Seabury and the Master Declaration, as amended, as well as by the Declaration for the Village of Triton Sounds, the Universal Village Declarations, and the ARC Guidelines & Specifications were relied upon by Mr. Hoffman in making his decision to purchase the property at 46 Triton Way.

26.    The Peninsula Council also promises property owners in New Seabury, such as plaintiff, that the PC and ARC will act to uphold and enforce the ARC Guidelines &

Specifications so as to, among other things, protect and enhance the natural beauty, serenity, architectural character, and property values of the property owners in New Seabury and Mr. Hoffman relied on this promise in making his decision to purchase the property at 46 Triton Way.

27.     Impartial, consistent, reliable, unbiased enforcement of the PC and ARC governing documents, including but not limited to the ARC Guidelines & Specifications is necessary to protect all property owners by providing a uniform review and approval process, which will in turn maintain New Seabury's unique character while protecting home values. The Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt promise that they will impartially and fairly require all homeowners in New Seabury to comply with the ARC Guidelines & Specifications, and Mr. Hoffman relied on this promise in making his decision to purchase the property at 46 Triton Way.

28.     The PC and ARC also promise homeowners that adherence to and enforcement of the process of submittals to, comments by, and approvals from the ARC, by which means the Guidelines & Specifications are enforced, will be done by the PC and ARC in order to do what is necessary to maintain and improve New Seabury's unique image, unusual value as a place to live, and to preserve and enhance the community and owners' property values, and Mr. Hoffman relied on this promise in making his decision to purchase the property at 46 Triton Way.

29.     Mr. Hoffman purchased the property at 46 Triton Way because it had, among other things, great privacy due to the fact that the two properties directly across the street from 46 Triton Way, which both had housed on them, were heavily wooded with many large trees which Mr. Hoffman knew were specifically and explicitly protected from being cut down for a

re-development project by the Village of Triton Sounds Declaration and by the Architectural Review Committee Guidelines & Specifications.

30.    In deciding to purchase the property at 46 Triton Way, plaintiff relied upon, among other things: {1} the provision of the August 17, 1964 Declaration which states in part: "No live trees on any building lot which are in excess of six inches in diameter at the base shall be removed."; {2} the ARC's Guidelines & Specifications, including but not limited to those substantive and procedural provisions which are intended to enforce this provision of the Village of Triton Sounds Declaration; and {3} the promises of the PC and the ARC that they and their directors, executives, members, representatives, agents, employees, and managers each would act in good faith and solely for the benefit of property owners in the community and would impartially adhere to, uphold, follow and enforce the ARC Guidelines & Specifications.

31.    The Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt each and all exercise control over and have responsibility for making sure the Peninsula Council ARC follows, enforces, upholds, and adheres to the ARC rules, regulations, guidelines, and specifications.

32.    The Defendant Chilton Development Company is the developer of property at 53 Triton Way, New Seabury, Mashpee, Massachusetts and as such was obligated to conduct the construction project at 53 Triton Way in compliance with and subject to the Declaration for the Village of Triton Sounds, the Universal Village Declaration, and the ARC Guidelines & Specifications and the Defendant Chilton should have been held by the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt to comply with these governing documents.

33.    At the time Mr. Hoffman purchased 46 Triton Way in 1999 and until approximately February 2013, the property at 53 Triton Way had a house on it and was a heavily

wooded lot containing many healthy oak, pine and other trees which were between 50 and 150 years old, were greater than six (6) inches in diameter at the base, and were between 30 to 60 feet or more tall as well as containing other natural landscape and vegetation. (A photograph showing 53 Triton Way, before it was clear cut of trees and all vegetation, is attached as Exhibit 1).

34.    In the latter part of October, 2012 Mr. Hoffman learned that the property at 53 Triton Way had been sold. Also in the latter part of October, 2012 Mr. Hoffman received information that the developer of 53 Triton Way, Defendant Chilton, intended to "clear cut" and strip of vegetation, the property at 53 Triton Way as part of the plan to re-develop the property.

35.    Upon receiving this information, Mr. Hoffman sent a letter on November 1, 2012 to the New Seabury PC ARC, which stated, in part, as follows:

"*The undersigned has been advised that the purchaser of 53 Triton Way intends to "clear cut" the front of the property of most or all trees as part of the redevelopment of the property. While we do not have firsthand knowledge that this is the intended plan for the property, this letter is sent out of abundance of caution and specifically in connection with Section IV of the Architectural Review Committee Guidelines and Specifications.*

*This letter serves as our objection to the cutting of any trees on the land at 53 Triton Way which are more than 6 inches in diameter at the base and our objection to the removal of any trees, regardless of size, from the property which are NOT clearly an obstruction to the construction of a new or rebuilt house, and driveways and decks. (Pictures of trees have been taken and are available should the ARC desire). This letter further serves as our request for notification of and*

13

*an opportunity to participate in any proceeding or hearing the purpose of which is to consider anything having to do with work to be done at 53 Triton Way including, but not limited to, anything which has to do with the Landscape Plan, the "Limits of Clearing", or any requests for approval to remove trees from the property and particularly trees which have a diameter of more than 6 inches at the base."*

36.    On November 2, 2012, Mr. Hoffman received the following response from Defendant Drew, the Manager of the ARC:

*"I received your letter and would like to respond. I recently spoke with the broker about this home and what was expected to bring this home into compliance. While I believe the owner will ultimately tear down the home, at this time, however, they are going to improve the landscape by cleaning up the property, painting the home, etc.*

***They were not given permission to clear cut the lot*** *only those dead trees and brush in front which are in bad shape.* ***<u>Before beginning the work, they have to come through me</u>*** *for a Permit Certificate at which time we will meet on site to discuss exactly which trees they intend to take down and why. If they are dead, leaning toward the home, too close to the home will require taking it down or trimming.*

***I will do my best to keep you posted.****"* (emphasis added)

37.    Contrary to the promises and representations made in the November 2, 2012 communication to Mr. Hoffman on behalf of the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt, starting in or November 2012 and continuing for many months

thereafter, the Defendants PC and/or, Fisher, and/or Richardson, and/or Drew, and/or Fitzsimmons, and/or Gillitt provided active aid, assistance, encouragement to the Defendant Chilton in their joint plan to allow for the development of the property at 53 Triton Way in a manner which these Defendants knew or should have known violated the governing documents for the PC and the ARC by, among other things, approving the clear cutting and stripping of all trees, including trees greater than six inches diameter at the base, in the front of and elsewhere on the property and by the stripping of all vegetation in the front of and elsewhere on the property at 53 Triton Way, all in violation of the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC and ARC, and the Guidelines & Specifications of the ARC.

38.    The communication of November 2, 2012 to Mr. Hoffman was part of a joint plan, joint venture, joint enterprise, and/or conspiracy by each and all of the Defendants, and others as yet unknown, to illegally and improperly develop the property at 53 Triton Way,  in violation of the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC by clear cutting the property at 53 Triton Way of trees greater than 6 inches in diameter at the base and by stripping the property of vegetation,  all before Mr. Hoffman or anyone else could take any action to prevent that from happening.

39.    As a result, in or about February 2013, the Defendant Chilton, as part of a joint plan, joint venture, joint enterprise, and/or conspiracy involving each and all the Defendants and others as yet unknown, proceeded to "clear cut" the entire front of the 53 Triton Way property and much of the rest of the property and stripped most of the property of all its natural trees and vegetation.   In doing so, Chilton knowingly and intentionally ignored and violated the

Declarations for the Village of Triton Sounds, the Universal Village Declarations for all of the Villages of New Seabury, and the ARC Guidelines & Specifications. (Photographs of 53 Triton Way after it was clear cut of trees and vegetation is attached as Exhibit 2).

40.     The clear cutting of trees and vegetation on the property at 53 Triton Way, without complying with and in violation of the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC, destroyed privacy which Mr. Hoffman and others enjoyed as a result of the presence of trees and vegetation on the 53 Trion Way property, damaged the property value of 46 Triton Way, damaged the natural landscape and environment to the determent of the property value of Mr. Hoffman, damaged much of the natural beauty and serenity of the Village of Triton Sounds to the detriment of the property value of 46 Triton Way, and constituted improper selective enforcement – or lack thereof – by the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt of the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC, also to the financial determent of Mr. Hoffman.

41.     Defendant Chilton was only able to accomplish this illegal and improper result because of the negligence of and/or bad faith of and/or breach of contract by and/or the breach of fiduciary duty by and/or fraud by and/or active and substantial assistance, encouragement, aid, and cooperation received from the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons and Gillitt.

42.     In addition, or in the alternative, the clear cutting of all the trees in the front of the 53 Triton Way property and the improper removal of other trees and vegetation at the property was only possible because the Defendant PC and the Defendants Fisher, Richardson, Drew,

Fitzsimmons and Gillitt negligently and/or intentionally failed and refused to adhere to, uphold, and enforce the ARC Guidelines & Specifications which prohibit such conduct.

43.     In 2013, Mr. Hoffman learned for the first time, that the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt knowingly and intentionally engage in selective enforcement of their governing documents by preferring some development projects in New Seabury over others and by allowing some development projects to ignore and not comply with various otherwise mandatory requirements of the ARC Guidelines & Specifications as well as by allowing some development projects to ignore and not comply with various the Declarations for the Village of Triton Sounds, and the Universal Village Declarations.

44.     These Defendants' selective enforcement of their governing documents has been to the financial detriment of Mr. Hoffman and other homeowner members of the PC, who, when they have done development projects of their own, have had to spend tens of thousands of dollars to comply with Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC.   In particular, when Mr. Hoffman built his home he was told by Defendants' PC, Richardson, Drew, Fitzsimmons, and Gillitt that he had to comply with Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC and Mr. Hoffman spent tens of thousands of dollars in order to do so.

45.     This resulted in many thousands of dollars of cost to Mr. Hoffman which he would not have incurred if, like the Defendant Chilton, and perhaps others as yet unknown, he had been allowed and/or assisted, encouraged or otherwise aided by the Defendants PC, Richardson, Drew, Fitzsimmons, and Gillitt by being told he could ignore and violate with

impunity the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC as the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt selectively allowed at the 53 Triton Way property and perhaps allowed at other New Seabury properties, as yet unknown, as well.

## CAUSES OF ACTION

## I.    BREACH OF CONTRACT, COVENANTS, and GOVERNING DOCUMENTS

46.    This Count I is brought against the Defendant PC and incorporates by reference all the other numbered paragraphs of this complaint.  New Seabury homeowners have a basis for actions for breach of covenant, breach of contract, and breach of governing documents against PC where, as here, their homeowner's association fails to fulfill the duties it expressly agreed to perform and/or which are expressly imposed upon it, in the community's governing documents.

47.    In this case the homeowners' association, the PC, is being sued, in part, for having violated its own rules and governing documents. Failure of the PC to uphold and enforce the PC and ARC's own governing documents, rules, regulations, and Guidelines & Specifications is a breach of contract.  In addition, the selective preferential enforcement, or lack thereof, of the PC and ARC governing documents, by the PC and ARC, in favor of some developers and property owners, to the detriment of other homeowners, as occurred in this case, is improper and a violation of the agreement between Mr. Hoffman, a dues paying property owner member of the PC, and the Defendant PC.

48.    A homeowners' association such as the PC must exercise its authority to approve or disapprove development, construction or improvement plans in conformity with the communities' governing documents,  covenants and restrictions and also must do so in good

18

faith, consistent with the PC's fiduciary obligations to the homeowners. In this case, the PC failed and refused to act in this fashion with regards to the development project at 53 Triton Way, to the detriment of Mr. Hoffman, the property at 46 Triton Way, and the Village of Triton Sounds.

49.     In this case, the PC and the ARC explicitly told Mr. Hoffman, in their written governing documents and in the communication of November 2, 2012, that he could rely upon them to enforce, adhere to, and prevent the violation of the Declarations of the Village of Triton Sounds and the Guidelines & Specifications of the ARC. The failure and refusal of the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt to do so is a violation of the promises made by them, has damaged Mr. Hoffman, and is a reason for the filing of this law suit.

50.     By promising to protect the natural beauty, serenity, and architectural character of New Seabury so as to maintain the protection of the natural environment and landscape and to provide homeowners in all New Seabury villages, including Triton Sounds, with an enjoyable, safe and stress free lifestyle through the enactment, upholding and enforcement of its Guidelines & Specifications, the PC and ARC created a contract and covenant with the homeowners of New Seabury, including the Mr. Hoffman, and the PC and ARC were bound and obligated to enforce, follow, uphold, and adhere to their own rules, specifications and guidelines. The failure of the PC and ARC to do so is a reason Mr. Hoffman has filed this lawsuit.

51.     In this case the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt selectively and preferentially allowed the Defendant Chilton to clear cut the lot at 53 Triton Way and improperly gave special, selective, and favored permission to the Defendant Chilton, and/or others as yet unknown, to ignore the PC and ARC's and Village of Triton Sounds, and Universal Village Declarations rules, regulations and requirements concerning the

cutting of trees and clearing of vegetation in connection with property development and construction. Had the PC and ARC followed its own Guidelines & Specifications, the Declaration of the Village of Triton Sounds and the Universal Village Declaration, as promised and as required, the front and sides of property at 53 Triton Way would not and could not have been clear cut of all trees greater than 6 inches in diameter at the base and all vegetation as it was. More specifically, there would still today be many tall, large, old growth trees on the 53 Triton Way property with diameters at the base in excess of 6 inches, as there were before the 53 Triton Way development project began (See Exhibit 1).

52.      By selectively and preferentially giving the Defendant Chilton and others as yet unknown permission to ignore the PC and ARC's and Village of Triton Sounds, and Universal Village Declarations rules, regulations and requirements, governing documents, Guidelines & Specifications, the Defendant PC failed and refused to fulfill the duties it expressly agreed to perform in the community's legal documents. This failure to uphold and enforce the PC and ARC's own rules, regulations, Guidelines & Specifications has caused damage to Mr. Hoffman and is a breach of the contract between Mr. Hoffman and the Defendant PC.

53.      In addition, by allowing the Defendant Chilton to clear cut the lot at 53 Triton Way and by allowing the Defendant Chilton to ignore the PC and ARC's and Village of Triton Sounds, and Universal Village Declarations rules, regulations and requirements, and governing documents, the Defendant PC failed to act in good faith and failed to act consistent with its fiduciary obligations to the homeowner members of the PC, including but not limited to Mr. Hoffman, which require it to exercise its authority to approve or disapprove an individual developer's construction or improvement plans in conformity with the Declaration of the Village

of Triton Sounds, the Universal Village Declaration and the Guidelines & Specification of the
ARC.

54.    Mr. Hoffman further alleges that the PC and ARC's decisions to allow the clear
cutting of the lot at 53 Triton Way and to exempt the development project at 53 Triton Way from
having to follow the PC and ARC's and Village of Triton Sounds, and Universal Village
Declarations rules, regulations, Guidelines & Specifications, and requirements, constituted a bad
faith conduct and a bad faith approval of the plan to clear cut the property and resulted from a
special relationship which one or more of the PC and/or the ARC's directors, managers,
members, executives, officers, agents, servants, or representatives had with the Defendant
Chilton and or others, as yet unknown.

55.    The failure and refusal of the PC and the ARC, in connection with the
development project at 53 Triton Way, to uphold and enforce all the provisions of the
Declarations for the Village of Triton Sounds, the Universal Village Declarations for the villages
of New Seabury, the Governing Documents for the PC, and the Guidelines & Specifications of
the ARC, resulted in many large, tall, old growth trees with diameters greater than 6 inches at the
base being cut, and also resulted in the land being stripped of vegetation, in violation of the
community's governing documents to the detriment of Mr. Hoffman and the entire community of
New Seabury and is a reason why Mr. Hoffman has filed this law suit.

## II.    NEGLIGENCE and/or BAD FAITH

56.    This Count II is brought against the Defendants PC, Fisher, Richardson, Drew,
Fitzsimmons, and Gillitt and incorporates by reference all the other numbered paragraphs of this
complaint.  In addition and/or in the alternative, Mr. Hoffman alleges that the Defendants PC,
Fisher, Richardson, Drew, Fitzsimmons, and Gillitt acted negligently or in bad faith by failing

and refusing to monitor, inspect and keep track of the development project being done by the Defendant at 53 Triton Way and by failing and refusing to require the Defendant Chilton to comply with all the provisions of the Declarations for the Village of Triton Sounds, the Universal Village Declarations for the villages of New Seabury, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC which afford homeowners like Mr. Hoffman protection from damages of the sort which have occurred in this case.

57.    In addition and/or in the alternative, Mr. Hoffman alleges that the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt acted negligently or in bad faith by failing to take action to require that the development of 53 Triton Way be done in compliance with the Declarations for the Village of Triton Sounds, the Universal Village Declarations for the villages of New Seabury, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC.

58.    In addition and/or in the alternative, Mr. Hoffman alleges that the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt acted negligently or in bad faith by the failure to monitor the project at 53 Triton Way for compliance with the Declarations for the Village of Triton Sounds, the ARC Guidelines & Specifications, and the governing documents for the PC, especially after being specifically promising to do so in their communication to Mr. Hoffman of November 2, 2012.

59.    In addition and/or in the alternative, Mr. Hoffman alleges that the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt acted negligently or in bad faith by failing to investigate complaints from Mr. Hoffman (that the construction project at 53 Triton Way intended to do illegal and improper clear cutting of trees), as they were obligated to do and as they promised to do in their November 2, 2012 communication.

60.     In addition and/or in the alternative, Mr. Hoffman alleges that in connection with the development project at 53 Triton Way, the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt acted negligently or in bad faith by failing to take action to require the Defendant Chilton and others as yet unknown, to comply with the Declarations for the Village of Triton Sounds, the Universal Village Declarations for the villages of New Seabury, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC and to see to it that the Defendant Chilton, and others as yet unknown, did not conduct the development project at 53 Triton Way in a manner which  violated the governing documents for New Seabury, the Village of Triton Sounds, the PC and the ARC.

61.     Mr. Hoffman further contends that the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt negligently failed to adequately evaluate the proposals for development of 53 Triton Way made by the Defendant Chilton and others as yet unknown to clear cut and strip of vegetation the lot at 53 Triton Way and negligently failed to require the Defendant Chilton and others as yet unknown to comply with the PC's and ARC's governing documents, and that this conduct was not only negligent, but was also unreasonable, arbitrary, and in bad faith and resulted from the relationship between one or more of the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt and the Defendant Chilton and or others as yet unknown who had an interest in having the trees at 53 Triton Way clear cut in violation of the Declarations for the Village of Triton Sounds, the Universal Village Declarations for the villages of New Seabury, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC and who needed the substantial assistance, help, aid, and cooperation of the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt in order to accomplish this plan.

### III.     <u>BREACH OF FIDUCIARY DUTY</u>

23

62.     This Count III is brought against the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt and incorporates by reference all the other numbered paragraphs of this complaint.   A homeowners' association, such as the PC, and its directors, officers, executive directors, administrators, managers, and representatives have a duty to enforce the governing documents and must exercise any discretionary function in a manner consistent with their fiduciary duty to the homeowners.   A fiduciary relationship is one founded on trust or confidence reposed by one person in the integrity and fidelity of another.   The rule embraces both technical fiduciary relations (i.e. trustees, executors) and those informal relations which exist whenever one person trusts in and relies upon another.   A fiduciary relationship exists when confidence is reposed on one side and there is resulting superiority and influence on the other.   The placement of one's trust, confidence, and responsibility in another person or persons is the hallmark of a fiduciary relationship.  The investiture of such trust, confidence, and responsibility in the fiduciary bestows upon him or her a position of influence and superiority over the person(s) with whom he or she deals. As such, she is charged with an extraordinary degree of accountability to the people whose trust she holds.   Thus, certain types of conduct which might be permissible in the context of ordinary business dealings are off limits to a fiduciary because of the special attributes (i.e. power and influence gained by virtue of the repose of trust) of the relationship the fiduciary has with those who depend on her or him.

63.     There are two basic precepts which define the contours of fiduciary conduct: (1) The duty of undivided loyalty by a fiduciary to those under his care; and (2) the duty of a fiduciary to exercise the utmost of good faith towards his dependents.   The duty of undivided loyalty basically requires the fiduciary to at all times put her charges' interest ahead of her own self-interest and to refrain from profiting at their expense (i.e., no self-dealing). The duty of

24

utmost good faith basically requires the fiduciary to at all times treat his dependents fairly and equally.  In the context of this case, the property owners of New Seabury, including but not limited to Mr. Hoffman, invest their trust in the officers, board members, directors, and managers, among others, of the PC as a result of and through the governing documents of New Seabury and its Villages and also by the election of directors and officers who, in turn, select the executives and managers who act on their behalf and for whom they are responsible.  As a result of this, duly elected board members and officers and their designated executives and managers, have the power to enact and enforce rules which profoundly impact the daily lives of New Seabury property owners, including Mr. Hoffman. In certain cases, PC board members and officers and their designated executives and managers have the discretion to levy fines, withhold services, or deny access to community amenities, all of which confers upon them sweeping powers over New Seabury property owners, including Mr. Hoffman.  The power to prevent or restrict development of property is a striking example of the pervasive control which PC board members and officers and the executives and managers they appoint and are responsible for have over the lives of New Seabury property owners. Clearly, trust and confidence has been reposed on one side and there is a resulting superiority and influence on the other side. Thus, PC board members, executives, directors, managers, and officers and the executives and managers they appoint and employ, are fiduciaries to the New Seabury property owners who have either elected them to their position of power or have come to be governed by them according to the terms of the governing documents of New Seabury.  Accordingly, individual PC board members, officers and the executives and managers they appoint and employ are required to treat the property owner members of the PC with meticulous fairness and equality.

64.     In this case, the Defendant PC and the ARC and the Defendants Fisher, Richardson, Drew, Fitzsimmons, and Gillitt have exercised their discretionary functions contrary to the best interests of the community's property owners, including but not limited to the Mr. Hoffman, by preferring the interests of the Defendant Chilton Development over those of homeowner members of the PC.

65.     Mr. Hoffman alleges that by, among other things, allowing the clear cutting of trees and vegetation at 53 Triton Way, the Defendants PC, Fisher, Drew, Richardson, Fitzsimmons and Gillitt: (a) breached their fiduciary duties to Mr. Hoffman and the property owners of New Seabury by failing and refusing to uphold and enforce the ARC's Guidelines & Specifications, the Declarations of the Village of Triton Sounds, and the Universal Village Declarations and in so doing; (b) failed to act with meticulous fairness and equality towards Mr. Hoffman and the members of the PC; (c) failed to act solely for the benefit of the homeowner members of the PC including Mr. Hoffman; (d) failed to act with undivided loyalty to the members of the PC including Mr. Hoffman; (e) failed to act in good faith by preferring the interests of the Defendant Chilton and/or others with an interest in the 53 Triton Way property, over those of the community and the homeowner members of the PC; and (f) gave special, preferential, and favored treatment to the 53 Triton Way property so that development at 53 Triton Way could be done without needing to follow, adhere to, or comply with important provisions of the ARC's Guidelines & Specifications, the Declarations of the Village of Triton Sounds, the Universal Village Declarations,  and other governing documents for the New Seabury community, all to the detriment of Mr. Hoffman.

66.     Mr. Hoffman further alleges that these Defendants failed to disclose all relevant facts as to matters within the scope of the fiduciary relationship with Mr. Hoffman, namely that

these Defendants: have a secret policy of selective enforcement of the PC's governing documents; had secretly decided, with regards to the construction project at 53 Triton Way, to allow the Defendant Chilton to ignore the ARC's Guidelines & Specifications, the Declarations of the Village of Triton Sounds, and the Universal Village Declarations as they regard the trees, vegetation, landscaping and related matters concerning development of property in New Seabury and Triton Sounds in particular; had secretly decided not to enforce the ARC's Guidelines & Specifications, or the Declarations of the Village of Triton Sounds, or the Universal Village Declarations on the 53 Triton Way project; and had also secretly decided to intentionally mislead Mr. Hoffman regarding the development project at 53 Triton Way by telling Mr. Hoffman in writing in November of 2012 that the PC and its ARC members would act to uphold and enforce the ARC's Guidelines & Specifications, the Declarations of the Village of Triton Sounds, and the Universal Village Declarations on the 53 Triton Way project, when they had secretly decided to do exactly the opposite.

67.    Mr. Hoffman further alleges that by allowing the Defendant Chilton to clear cut the front of the lot at 53 Triton Way, the Defendants PC, Fisher, Drew, Fitzsimmons and Gillitt: violated the ARC's own Guidelines & Specifications as well the Declaration of the Village of Triton Sounds and Universal Village Declarations rules, regulations and requirements; and failed to exercise the required level of care as to a matter within the scope of their fiduciary relationship with Mr. Hoffman and the property owner members of the PC, namely their responsibility, duty, and obligation to uphold and enforce the ARC's Guidelines & Specifications as well as the Declarations of the Village of Triton Sounds and the Universal Village Declarations.

68.    Mr. Hoffman further alleges that one or more of the Defendants PC, Fisher, Drew, Richardson, Fitzsimmons and Gillitt ARC improperly and illegally advised the Defendant

Chilton: that it could ignore the ARC's Guidelines & Specifications, the Declarations of the Village of Triton Sounds, and the Universal Village Declarations on the 53 Triton Way development project; that it could cut and destroy whatever trees and vegetation it wanted at the property without needing to comply with the ARC Guidelines & Specifications, with impunity, and without regards to the requirements set forth in the Guidelines & Specifications of the ARC, or the requirements described in the Declarations of the Village of Triton Sounds or the Universal Village Declarations; and that these Defendants would each and all support any decision which the Defendant Chilton made to clear cut trees and vegetation at 53 Triton Way over their duty and obligation to enforce the provisions of Guidelines & Specifications of the ARC, the Declarations of the Village of Triton Sounds and the Universal Village Declarations which govern, regulate and specifically prohibit the clear cutting of trees and vegetation, all of which the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt knew or should have known was a violation of their fiduciary duties to the New Seabury homeowner members of the Peninsula Council, including Mr. Hoffman and which they also knew or should have known was a violation of the contracts, covenants, and governing documents which these each and all of these Defendants were duty bound to follow.

      69.    The PC, the ARC and the Defendants Fisher, Drew, Fitzsimmons, Gillitt, and Richardson each and all had a duty to plaintiff to act in good faith, with reasonable prudence, in accordance with the ARC Guidelines & Specifications, and in accordance with the Declarations for the Village of Triton Sounds and the Universal Village Declarations and the Governing Documents for the PC in evaluating the Defendant Chilton's plan to clear cut all of the trees and vegetation from the lot at 53 Triton Way.

70.     The Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt had a duty to ensure that Chilton carried out the project at 53 Triton Way in a manner which complied with the ARC Guidelines & Specifications, the Declarations for the Village of Triton Sounds, the Universal Village Declarations and the Governing Documents for the PC and in a way which did not amount to a violation of those governing documents and in a way which did not prefer the interests of the Defendant Chilton over those of the Mr. Hoffman and other homeowner members of the PC.

71.     Mr. Hoffman alleges that the Defendant Chilton was allowed to cut and destroy whatever trees and vegetation it wanted at the property, without needing to comply with and without regards to the requirements set forth in the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC, because of Defendant Chilton's close relationship with the Defendant PC and one or more of the Defendants Fisher, Richardson, Drew, Fitzsimmons, and Gillitt.

72.     Mr. Hoffman further alleges that the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt did not act in good faith because they were unduly influenced by their relationship with the Defendant Chilton and/or others as yet unknown, to be the subject of discovery, and who may be added as defendants when identified.

73.     Mr. Hoffman further alleges that the Defendants PC and Fisher, Richardson, Drew, Fitzsimmons, and Gillitt intentionally misled plaintiff in the letter of November 2, 2012 about the project, intentionally did not respond to plaintiffs' complaints until after all the trees and vegetation on the 53 Triton Way property had been clear cut and stripped, intentionally failed to comply with the ARC Guidelines & Specifications so as to make it as difficult as possible for Mr. Hoffman to prevail in a lawsuit of this type and did not enforce the ARC

Guidelines & Specifications, and the Village Declarations so as to improperly and illegally favor the Defendant Chilton over Mr. Hoffman and other homeowner members of the PC, all in violation of the contract, covenants and governing documents between the Mr. Hoffman and homeowner members of the PC on the one hand and the PC on the other.

74.     Mr. Hoffman further contends that the Defendants PC and Fisher, Richardson, Drew, Fitzsimmons, and Gillitt had complete and sole control, authority and responsibility to prevent the Defendant Chilton from clear cutting trees and stripping vegetation on the lot at 53 Triton Way; that they had a duty to enforce the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC; and that they negligently, and/or intentionally, and/or fraudulently failed and refused to uphold, comply with, follow, or enforce the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC by allowing the Defendant Chilton to clear cut and strip 53 Triton Way of all vegetation, as part of the plan of the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt to prefer the interests of the Defendant Chilton over those of Mr. Hoffman and other homeowner members of the PC.

75.     Mr. Hoffman also alleges that the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt did not act in good faith by, among other things, failing to follow the ARC Guidelines & Specifications in approving the Defendant Chilton's plan to clear cut the front of 53 Triton way of all trees and vegetation and/or in failing to require the Defendant Chilton to comply with conditions it should have imposed on the project and that the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt acted in this manner because of a special relationship between these Defendants and the Defendant Chilton by which the Defendant

Chilton was permitted to cut trees and destroy vegetation which is not allowed to developers of other property under the control and jurisdiction of these Defendants.

76.    Mr. Hoffman further contends that upon receiving his November 1, 2012 letter, the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt each and all intentionally and/or negligently failed to undertake any investigation, reasonable or otherwise, into the planned construction project at 53 Triton way, and also intentionally and/or negligently failed to uphold and enforce the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC, and as such failed to act in good faith and failed to act for the best interests of the community, its members, and Mr. Hoffman specifically.

## IV.    CIVIL CONSPIRACY / JOINT ENTERPRISE / AIDING AND ABETTING

77.    This Count IV is brought against the Defendants Chilton, PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt  and incorporates by reference all the other numbered paragraphs of this complaint.  Beginning in or about the last quarter of 2012 all of the Defendants, and others as yet unknown, to allow for the development of the property at 53 Triton Way without requiring that the Defendant Chilton comply with the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC, jointly came up with a plan to enable the Defendant Chilton to illegally clear cut most of the trees and vegetation on the lot at 53 Triton Way, before any action to stop this from happening could be taken.  This plan was carried out, in part, by intentionally misleading Mr. Hoffman through the email of November 2, 2012, into believing that the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt would act in good faith to see to it that the development project at 53 Triton Way was done in compliance with the

Declaration of the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC, when in fact it was the joint plan of these Defendants to do just the opposite. This conduct by the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt, was part of a joint plan and joint enterprise with the Defendant Chilton by which the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt provided substantial aid, assistance, encouragement, and help to the Defendant Chilton without which it would not have been possible for the Defendant Chilton to clear cut the trees and vegetation at 53 Triton Way with impunity.

78.     The Defendant Chilton knew that the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC prohibited it from carrying out its plan to clear cut most of the trees and vegetation on the lot at 53 Triton Way and the Defendant Chilton knew it needed and in fact got substantial active help, aid, assistance, and cooperation from the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt in order to clear cut trees and vegetation at 53 Triton Way in a manner that violated the community's governing documents.

79.     In or about late October or early November, 2012, Mr. Hoffman received information that suggested that the developer for 53 Triton Way intended to "clear cut" the property. Knowing that a plan to clear cut would be illegal, improper, and a violation of the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC, and out of concern for the damage this plan would do to the community, to the environment, to the privacy of 46 Triton Way, and to the property value of 46 Triton Way, among other things, on November 1, 2012 Mr. Hoffman wrote to the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt to alert

them to what he had learned and to ask them to uphold and enforce the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC as they related to the 53 Triton Way development project.

80.     On November 2, 2012 Defendant Drew, on behalf of all the Defendants, replied to Mr. Hoffman.  See paragraph 35 above.  Defendant Drew's reply knowingly and intentionally contained material misrepresentations and falsehoods which were intended to mislead Mr. Hoffman into believing that the developers of 53 Triton Way including the Defendant Chilton and others as yet unknown, would be required to comply with the provisions of the Declaration of the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC and that the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt could be relied upon to act in good faith and would adhere to, uphold, and enforce the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC as requested by Mr. Hoffman in his November 1, 2012 letter and as they were duty bound to do.

81.     In fact the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt had agreed among themselves and with the Defendant Chilton, and perhaps with others as yet unknown, that the development of the property at 53 Triton Way would not be required to comply with the Declaration of the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC and that the Defendant Chilton would be specially and preferentially allowed to ignore the various governing documents and would, among other things, be allowed to cut whatever trees it wanted

at 53 Triton Way and would be allowed to strip whatever vegetation it wanted from that property.

82.     In order to accomplish their joint plan to permit the improper and illegal clear cutting of the trees and vegetation at 53 Triton Way, the Defendant Chilton needed to and did secretly obtain the agreement of one or more of the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt that they would not uphold, or enforce the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC, to the advantage of the Defendant Chilton and the property at 53 Triton Way and to the detriment of  residents of the Village of Triton Sounds, including but not limited to Mr. Hoffman.

83.     The Defendants all knew that their conduct was improper and the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt knew that their conduct was a violation of the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC.

84.     The Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt also knew that their conduct constituted a breach of duty owed by the Defendants to Mr. Hoffman and to the homeowner members of the PC and that their conduct gave substantial assistance, aid, and encouragement to the Defendant Chilton to clear cut the trees and vegetation at 53 Triton Way in violation of the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC.

85.     In order to clear cut the trees and vegetation at 53 Triton Way, in violation of the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing

Documents for the PC, and the Guidelines & Specifications of the ARC, the Defendant Chilton needed to and did receive substantial aid, assistance and encouragement from the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt in the form of their deliberate and intentional failure and refusal to adhere to, uphold, and enforce the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC.

86. The Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt knew that this conduct by them was a breach of their fiduciary duty to Mr. Hoffman and the homeowner members of the PC, and knew and intended that their conduct would give substantial assistance and encouragement to the Defendant Chilton to illegally and improperly clear cut most of the lot at 53 Triton Way in violation of the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC.

87. Without the substantial aid, assistance, and encouragement of the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt, the Defendant Chilton's plan to clear cut most of the trees and vegetation from the lot at 53 Triton Way in violation of the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC could not have been carried out.

## V.    DIRECTOR, OFFICER, MANAGER LIABILITY

88. This Count V is brought against the Defendants Fisher, Richardson, Drew, Fitzsimmons, and Gillitt  and incorporates by reference all the other numbered paragraphs of this complaint.  Homeowner members of the PC have the right to have the directors, officers, administrators, managers, and executives of the PC and the ARC, including but not limited to the

Defendants Richardson, Drew, Fitzsimmons, and Gillitt, act according to and within their fiduciary duties. Homeowners may bring an individual action against directors, officers, administrators, managers, and executives of the PC and the ARC when, as here, they act in a manner which breaches the fiduciary duty which each of them owe to the PC homeowners to exercise ordinary care in performing their duties, to act reasonably in performing their duties, and to act in good faith in the performance of their duties.

89.     In failing and refusing to enforce the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC in connection with the construction project at 53 Triton Way and specifically by allowing the construction project at 53 Triton Way to clear cut most of the trees and vegetation from that property, the Defendants Fisher, Richardson, Drew, Fitzsimmons, and Gillitt failed to exercise reasonable diligence in following through and carrying out the responsibilities voluntarily assumed by or assigned to them under the governing legal documents by which they were bound to conduct themselves.

90.     The Defendants Fisher, Richardson, Drew, Fitzsimmons, and Gillitt voluntarily undertook an obligation to remain informed about the community association's business at all times and to be knowledgeable about the legal documents governing the affairs of the PC and ARC.

91.     Homeowners have the right to have the PC's directors, officers, executives, managers, administrators, and employees be loyal to just the interests of the homeowner members of the New Seabury community and the common interests of the community.

92.     The Defendants Fisher, Richardson, Drew, Fitzsimmons, and Gillitt put their own interests and/or the interests of the Defendant Chilton and/or the interests of others as yet

unknown, above and ahead of their duty of loyalty to the property owner members of the PC, including but not limited to Mr. Hoffman, by selectively and preferentially allowing the construction project at 53 Triton Way to proceed without requiring that it comply with the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC.

93.     The Defendants Fisher, Richardson, Drew, Fitzsimmons, and Gillitt put their own interests and/or the interests of the Defendant Chilton and/or the interests of others as yet unknown, above and ahead of their duty of loyalty to the community, including but not limited to Mr. Hoffman, by failing and refusing to enforce the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC in connection with the construction project at 53 Triton Way even after specifically being asked to do so.

94.     The Defendants Fisher, Richardson, Drew, Fitzsimmons, and Gillitt put their own interests and/or the interests of the Defendant Chilton and/or the interests of others as yet unknown above and ahead of their duty of loyalty to the community, including but not limited to Mr. Hoffman, by engaging in a plan to mislead Mr. Hoffman and other homeowner members of the PC into believing that the Defendants would adhere to, uphold, and enforce the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC in connection with the construction project at 53 Triton Way, when it was their intention, to do just the opposite.

## VI.     FRAUD

95.     This Count VI is brought against all the Defendants and incorporates by reference all the other numbered paragraphs of this complaint.    Mr. Hoffman alleges that he was

fraudulently induced to refrain from taking action to cause the Defendants to comply with, uphold, and enforce the Village of Triton Sounds Declaration, the Universal Village Declaration and the Guidelines & Specifications of the Architectural Review Committee.  Mr. Hoffman alleges that: (1) Defendants made knowingly false statements, including but not limited to those in the correspondence of November 2, 2012, (2) those statements were made with the intent to deceive him; (3) those statements were material to Mr. Hoffman's decision to refrain from taking action to see to it that the Village of Triton Sounds Declaration, the Universal Village Declaration and the Guidelines & Specifications of the Architectural Review Committee were complied with during the development project at 53 Triton Way; (4) Mr. Hoffman reasonably relied on those statements; and (5) Mr. Hoffman suffered economic damages as described in more detail below, by that reliance.

96.     By correspondence of November 2, 2012, the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt knowingly made the following false statements to Mr. Hoffman: that the developer of 53 Triton Way had no present intention  to tear down the existing house (though eventually would probably do so); that the developer of 53 Triton Way had not been given permission to clear cut the property; that the developer of 53 Triton Way would be required to comply with the Guidelines & Specifications of the ARC; that the developer of 53 Triton Way had only been given permission to remove dead trees and brush in the front of the property which were in bad shape; that before beginning work at the property, the developer of 53 Triton Way would have to come through the ARC for a Permit Certificate at which time the Defendant Drew said she would meet on site to discuss exactly which trees the developer intended to take down and why; and that the PC and ARC would do their best to keep Mr. Hoffman informed about any proposals or plans to cut trees at 53 Triton Way.

97.     All these statements were false, all were made with the intent of misleading and deceiving Mr. Hoffman into believing that the ARC would adhere to, uphold, and enforce its Guidelines & Specifications with regards to the construction project at 53 Triton Way, something which the PC and ARC had no intention of doing and something which they in fact did not do.

98.     These statements were material to Mr. Hoffman's decision not to take immediate action in November 2012 to immediately seek legal and injunctive relief against the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt to require each and all of them to follow the governing documents including the ARC Guidelines & Specifications as well as requiring adherence to and enforcement of the Declarations for the Village of Triton Sounds and the Universal Village Declarations.

99.     Mr. Hoffman reasonably relied upon the statements made on November 2, 2012 by the Defendant Drew on behalf of all the other Defendants, having no reason to think they were untrue, no reason to think they were intended to mislead him, and no reason to think they were part of a joint plan and joint enterprise involving all the Defendants to develop the property at 53 Triton Way in violation of the Village of Triton Sounds Declaration, the Universal Village Declaration and the Guidelines & Specifications of the Architectural Review Committee.

100.    At the time he built his home at 46 Triton Way, Mr. Hoffman was fraudulently induced to spend tens of thousands of dollars to adhere to, follow, and comply with the Village of Triton Sounds Declaration and the Guidelines & Specifications of the ARC by promises and statements made by the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt that he was required to do so and that they would require him to do so if he failed or refused to do so because they were duty bound to uphold and enforce the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, and the

Guidelines & Specifications of the ARC as to all properties in New Seabury and specifically in Triton Sounds and that they would not selectively or arbitrarily enforce the governing documents by giving him – or anyone else - special preferred treatment and permission to ignore them..

101.    The Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt fraudulently concealed from Mr. Hoffman and others the fact that they  selectively enforce the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC with the result that some homeowners, including Mr. Hoffman, who build homes in New Seabury are required by the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt to spend tens of thousands of dollars in order to comply with and adhere to the Declarations for their respective Village Declarations, the Universal Village Declarations, the Governing Documents for the PC, and the Guidelines & Specifications of the ARC, while other persons who also develop property in New Seabury are given selectively preferential treatment by these Defendants in the form of permission not to comply with the community's governing documents.  As a result, Mr. Hoffman brings this action for money damages for the amount Mr. Hoffman spent when building his house to comply with the Declarations for the Village of Triton Sounds, the Universal Village Declarations, the Governing Documents for the PC, or the Guidelines & Specifications of the ARC.  Because the Defendants concealed the fact that they have a secret policy to selectively enforce the governing documents of the PC and ARC, the period prior to the discovery of this fact by Mr. Hoffman, in 2013, should be excluded in determining the time limitation for the commencement of this action.

102.    Mr. Hoffman only just learned of this fraudulent policy and conduct and could not have discovered it earlier.

# VII.    DAMAGES

103.    This paragraph incorporates by reference all the other numbered paragraphs of this complaint.  As a result of what is described above, the property at 46 Triton Way and Mr. Hoffman have suffered the following damages, among others:

    a.  Damages for loss of privacy;

    b.  Damages to the property value of 46 Triton Way resulting from the illegal clear cutting of trees and vegetation at 53 Triton Way;

    c.  Damages to the natural environment and landscape;

    d.  Damages to property value of 46 Triton Way from the fact that the Village of Triton Sounds Declaration, the Universal Village Declaration and the Guidelines & Specifications of the Architectural Review Committee have not been and are not being upheld and enforced;

    e.  Damages to the property value of 46 Triton Way from the fact that the Village of Triton Sounds Declaration, the Universal Village Declaration, the Guidelines & Specifications of the Architectural Review Committee and other governing documents, if any, are arbitrarily, capriciously, and selectively upheld and enforced  - or arbitrarily, capriciously and selectively ignored, not upheld and not enforced – to the detriment of property owners, including Mr. Hoffman, such that prospective buyers of 46 Triton Way – or any property in New Seabury - cannot reasonably rely upon having the respective Village Declarations, Universal Village Declarations, Guidelines & Specifications of the Architectural Review Committee or other governing documents for the PC

fairly, impartially and in good faith enforced which thereby greatly diminishes the valuable of property in New Seabury, including but not limited to the property of Mr. Hoffman; and

    f.    Damages for the money spent by Mr. Hoffman during development of his own property at 46 Triton Way when he was selectively and arbitrarily required to comply with the Village of Triton Sounds Declaration, and the Guidelines & Specifications of the Architectural Review Committee and which, had he been allowed to ignore the Village of Triton Sounds Declaration, and the Guidelines & Specifications of the Architectural Review Committee, as the Defendant Chilton was allowed to do in developing 53 Triton Way, would not have been spent.

## VIII.   EQUITABLE RELIEF

104.    This paragraph incorporates by reference all the other numbered paragraphs of this complaint.    Mr. Hoffman has alleged that the Defendants PC, Fisher, Richardson, Fitzsimmons, Gillitt, and Drew have failed to uphold and enforce various provisions of the PC and ARC governing documents.

105.    The promises, obligations, protections, covenants and restrictions in the Village of Triton Sounds Declaration, the Universal Village Declaration and the Guidelines & Specifications of the Architectural Review Committee are enforceable as equitable servitudes, and they are supposed to inure to the benefit of all owners of separate interests in the New Seabury development. In order to prevent continued, repeat, and further damage to Mr. Hoffman and his property at 46 Triton Way, this Court should grant Equitable Relief.

106.    When, as here, a homeowners association and its officers, directors, managers, executives, and administrators fail or refuse to uphold, follow, and enforce the documents which govern the homeowners association, and which they are duty bound to abide by, a homeowner can sue for an injunction to compel the homeowners association and it officers, executives, directors, administrators, and managers (here the Defendants Fisher, Richardson, Drew, Fitzsimmons, and Gillitt) to enforce the provisions of the governing documents.  Mr. Hoffman, as a property owner member of the PC, has the right to compel the PC to uphold, adhere to and enforce its governing documents.

107.    Equitable relief is sought in the form of an order:

(1)  Requiring the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt to take action to enforce the Village of Triton Sounds Declaration, the Universal Village Declaration and the Guidelines & Specifications of the Architectural Review Committee as to the property at 53 Triton Way, to take whatever action is necessary to require that numerous trees with diameters greater than six (6) inches and appropriate vegetation be replanted on the 53 Triton Way property so that the appearance of the property is as it would have been had the construction project at 53 Triton Way been conducted in compliance with the Village of Triton Sounds Declaration, the Universal Village Declaration and the Guidelines & Specifications of the Architectural Review Committee; and

(2) Requiring the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt to adopt a plan, acceptable to Mr. Hoffman and/or the Court, which will see to it that all future development projects in all of New Seabury, not just

those in the Village of Triton Sounds, strictly comply with all applicable Village Declarations, the Universal Village Declaration, the Guidelines & Specifications of the Architectural Review Committee, and any other applicable governing documents of the PC or the ARC.

## IX.     DEMAND FOR RELIEF

108.     WHEREFORE, Shepard A. Hoffman requests that the Court:

Enter a judgment in his favor:

a.     Against each and all Defendants for damages as described above in an amount greater than $75,000.00 to be determined by the wise consideration of the facts by a jury, with interest, costs, and attorney's fees; and

b.     Providing equitable relief in the form of an order requiring that: the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt enforce the governing documents for the PC including but not limited to the Village of Triton Sounds Declaration, the Universal Village Declaration and the Guidelines & Specifications of the Architectural Review Committee by taking the action necessary to require that numerous trees with diameters greater than six (6) inches and appropriate vegetation be replanted on the 53 Triton Way property so that the appearance of the property is as it would have been if these Defendants had upheld and enforced the Village of Triton Sounds Declaration, the Universal Village Declaration and the Guidelines & Specifications of the Architectural Review Committee on the construction project at 53 Triton Way so that as many existing trees as possible with diameters' greater than 6 inches and as much existing vegetation as possible

had been preserved and maintained at that property as they should have been; an order requiring that the Defendants PC, Fisher, Richardson, Drew, Fitzsimmons, and Gillitt adopt a plan, acceptable to Mr. Hoffman and/or the Court, which will see to it that all future development projects in all of New Seabury, not just those in the Village of Triton Sounds, comply with the applicable Village Declarations, the Universal Village Declaration, the Guidelines & Specifications of the Architectural Review Committee, and any other applicable governing documents of the PC or the ARC.

c.  Attorneys' fees, costs, expenses, and such other and further relief as the court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial in this case.

Respectfully submitted,

/s/ David McMorris
David McMorris, Esq.
BBO#: 338970

/s/ Evan R. Hoffman
Evan R. Hoffman, Esq.
BBO#: 678975

Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA 02110
Telephone:     (617) 720-1333
Facsimile:     (617) 720-2445
dmcmorris@tenlaw.com
ehoffman@tenlaw.com

/s/ Jeffery Johnson
Jeffery Johnson, Esq.
BBO#: 252510
Law Office of Jeffery Johnson
1550 Falmouth Rd., Suite 4C
Centerville, MA  02632
Telephone:    (508) 790-5776
Facsimile:    (508) 775-1945
jeff@jefferyjohnsonesq.com


/s/ Shepard A. Hoffman
Shepard A. Hoffman, Esq.
BBO#: 237260
The Hoffman Law Firm
2626 Cole Avenue, Suite 450
Dallas, Texas 75204
Telephone:    (214) 521-2211
Facsimile:    (214) 522-0420
shoffman@shephoffman.com

# <u>EXHIBIT 1</u>



# <u>EXHIBIT 2</u>



53 Triton Way - After



53 Triton Way – After